USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROBERT WILLIAMS,

                Petitioner,

  -against-

ROBERT ERCOLE, Superintendent,

                Respondent.
------------------------------------X

09 Civ. 5169 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

    On September 10, 2010, United States Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("Report"), recommending that Respondent's Motion to Dismiss be DENIED. (Report at 2.) For the reasons set forth below, after a _de novo_ review of those portions of the Report to which Parties have specifically objected, the Report and Recommendation of Magistrate Judge Ellis dated September 10, 2010 shall be adopted as to its factual recitations and its findings as to timeliness and newly discovered evidence under 28 U.S.C. § 2244(d)(1)(D). (See Report, sections I, II, III A, and III B.) The Report's finding that equitable considerations warrant tolling of the Antiterrorism and Effective Death Penalty Act ("the AEDPA")'s statutory limitations period is modified as detailed herein. Accordingly, Respondent's Motion to Dismiss is GRANTED.

    The facts and procedural history relevant to Respondent's Motion to Dismiss are set out in Magistrate Ellis's Report and will not be repeated. (Report at 1-4.)

I.   <u>Objections to the Report and Recommendation</u>

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); <u>accord</u> 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review <u>de novo</u> "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); <u>see also</u> <u>Ortiz v. Barkley</u>, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal

quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

Petitioner has filed objections to the portion of the Report finding that the Petition was not timely under 28 U.S.C. § 2244(d)(1)(D). Respondent has filed timely objections to the Report's findings with regard to equitable tolling. The Court reviews <u>de novo</u> those portions of the Report's findings and recommendations to which Parties have objected and reviews the remainder of the Report for clear error.

## II. <u>Timeliness Under 28 U.S.C. § 2244(d)(1)(D)</u>

The AEDPA, as codified at 28 U.S.C. § 2244(d)(1), provides a one-year statute of limitations for the filing of a Habeas petition by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). Ordinarily, a petitioner must file within one year of the date on which his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). However, when there is newly discovered evidence, the statutory limitations period runs from "the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence" if that date is later than the date on which the

3

conviction becomes final. 28 U.S.C. § 2244(d)(1)(D). The discovery of new evidence can therefore actually "restart" the limitations period if such evidence forms the factual predicate for the claims and could not have been discovered earlier through due diligence. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir 2000).

"Newly discovered evidence is, by definition, incapable of discovery through counsel's due diligence before or during trial. Evidence in existence at an earlier date, though perhaps unknown to the petitioner, cannot later be described as newly discovered." Hector v. Greiner, No. 99 Civ. 7863, 200 U.S. Dist. LEXIS 12679, at *3-4 (E.D.N.Y. 2008) (citations omitted); see United States v. Middlemiss, 217 F.3d 112, 122 (2d Cir. 2000); Adams v. Greiner, 272 F. Supp. 2d 269, 273 (S.D.N.Y. 2003).

Here, Petitioner contends that his grandmother's letter constitutes newly discovered evidence because he did not previously know of the jurors' alleged conversation. However, as Magistrate Judge Ellis's Report correctly found, "[n]either the grandmother's letter nor the claims within it can correctly be characterized as newly discovered evidence. Williams, therefore, may not use the letter's date to restart the one-year statute of limitations pursuant to 28 U.S.C. 2244(d)(1)(D)." (Report at 6.)

4

III. <u>Equitable Tolling</u>

Courts must determine whether to exercise their equitable powers "on a case-by-case basis." <u>Holland v. Florida</u>, 506 U.S. ___ (2010), 130 S.Ct. 2549, 2563. Though courts exercising equitable powers "must be governed by rules and precedents no less than the courts of law," they must also act "with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." <u>Id.</u>

Here, as Magistrate Judge Ellis stated in his Report, "Williams does not allege that prison officials intentionally deprived him of access to the law library or prevented him from filing his habeas petition." (Report at 9.) The facts suggest that Petitioner did not begin working on his NYCPL § 440.10 motion until almost eight months into AEDPA's one-year statutory limitations period, thus creating the circumstances which led to his late filing. The Court does not agree that he warrants the extraordinary circumstances tolling of the AEDPA statute for equitable considerations.

IV. <u>Conclusion</u>

Having conducted a <u>de novo</u> review of the objected-to portions of the Report and Recommendation of United States

5

Magistrate Judge Ronald L. Ellis dated September 10, 2010, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations and findings as to timeliness under 28 U.S.C. § 2244(d)(1)(D). The Court modifies the Report's findings and recommendations as they pertain to equitable tolling as set forth in this Order. Accordingly, Defendants' Motion to Dismiss is GRANTED.

The Clerk of Court is directed to close the docket in this case.

SO ORDERED.

Dated:   New York, New York

  September 28, 2010

*Deborah A. Batts*

DEBORAH A. BATTS
United States District Judge